UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. MANNING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>　　　　Defendant. | No. 2:19-cv-00494 TLN AC (PS)<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se and in forma pauperis. The case was referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff's initial complaint was rejected on screening, and currently before the court is plaintiff's First Amended Complaint ("FAC"). ECF No. 4.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

1

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

      A. The First Amended Complaint

Plaintiff brings this case against the United States Department of Veterans Affairs ("VA"), seeking compensation for failures provide proper medical care. ECF No. 4 at 1-2. Plaintiff alleges that he did not receive appropriate treatment for PTSD on or around April 9, 2017, which has resulted in exacerbation of his mental illness. Id. at 2. Plaintiff further alleges that on or about December 7, 2017, he was denied medical treatment for sleep apnea and respiratory issues caused by burn pit exposure, which occurred during military service. Id. Plaintiff's FAC clearly alleges that he has complied with the Federal Tort Claims Act ("FTCA"), and he attaches a letter from defendant stating that plaintiff failed to allege a cognizable claim and rejecting the claim. Id. at 1, 3. Plaintiff's complaint does not specify any particular cause of action.

      B. Analysis

Plaintiff's initial compliant was rejected because it did not allege compliance with the Federal Tort Claims Act ("FTCA"). ECF No. 3 at 3. Plaintiff's FAC fixes this problem, but still must be rejected because it does not state any legal cause of action against the defendant. At a minimum, plaintiff's FAC must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's FAC does not state any legal cause of action or claim for relief; the fact that the initial complaint made a negligence claim and sought monetary relief cannot save the FAC because all of the necessary information must be contained in one single amended complaint. Plaintiff will be given a final opportunity to amend the complaint.

////

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege **all necessary facts (including compliance with the FTCA), *and* make a specific legal claim (such as a claim for negligence and/or medical malpractice), *and* a specific demand for relief (such as money damages).**

The allegations of the second amended complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended

complaint supersedes the original complaint.  See  Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court because all though the FAC alleges that you have complied with the Federal Tort Claims Act by making an administrative claim with the VA before filing this federal case, you have not specified any legal claim against defendant or asked for any specific relief.

You are being given 30 days to submit a second amended complaint **that provides all of the facts in your original complaint, information that tells the court that you have complied with the Federal Tort Claims Act, AND at least one legal cause of action and claim for relief**.  If you submit a second amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you.  If you do not submit a second amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint (ECF No. 4) cannot be served in its current form; and
2. Plaintiff shall have 30 days from the date of this order to file a second amended complaint that complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: April 4, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5