UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. MANNING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF<br>VETERANS AFFAIRS,<br><br>　　　　　Defendants. | No. 2:19-cv-00494 TLN AC (PS)<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the Magistrate Judge pursuant to Local Rule 302(c)(21). Defendant's motion to dismiss, ECF No. 16, was filed August 7, 2019 and has been fully briefed, ECF Nos. 18, 25. The matter came on for hearing before the undersigned on September 18, 2019. Plaintiff appeared on his own behalf, and Asst. U.S. Attorney Philip A. Scarborough appeared for the government. For the reasons explained below, the court recommends that the motion to dismiss be GRANTED in part and DENIED in part.

## I. BACKGROUND

### A. Allegations of the Complaint

Plaintiff Anthony L. Manning is a former active duty member of the United States Navy and is now a military veteran. ECF No. 6 at 1 (Second Amended Complaint). Plaintiff states that

the United States Department of Veterans Affairs ("USVA") received his Federal Tort Claims Act ("FTCA") notice on August 27, 2018 and responded with a denial on September 25, 2018. Id. Plaintiff filed suit on March 20, 2019. Id. at 2; ECF No. 1. Plaintiff states that he is suing the USVA for "two counts of medical negligence." ECF No. 6 at 2.

Plaintiff alleges he was diagnosed with Post Traumatic Stress Disorder ("PTSD") and received treatment from Dr. Amy Fuglei, a medical doctor employed by the USVA. Id. at 2. Dr. Fuglei prescribed plaintiff an anxiety medication, Propranolol HCL, although an evaluation from a private specialist in PTSD, Dr. John Issacs, stated that plaintiff had depression. Id. The medical evaluation of plaintiff's depression was submitted to the USVA, but the USVA failed to properly treat it and the illness worsened. Id. Because of this, plaintiff had difficulty sustaining gainful employment. Id. Plaintiff asserts that he should have been treated for PTSD with depression and anxiety, and because he was only treated for anxiety, he received a lower compensation rating. This incident occurred on or around April 9, 2017. Id.

The second incident of medical negligence took place on December 7, 2017. Id. Plaintiff was diagnosed with sleep apnea caused by burn pit exposure, which occurs when military personnel deployed in Iraq or Afghanistan breathe in toxins from burning trash, waste, chemicals and other materials. Id. at 3. Plaintiff requested to have his lungs and other organs examined by a USVA pulmonary specialist, but none of the specialists have responded to plaintiff's request. Id. On November 22, 2018, plaintiff was hospitalized at Service De Sante Militarire Hospital in D' Antsiranana, Madagascar. Id. Plaintiff had increased Aspartate Aminotransferase ("AST") which is a cardiovascular disease associated with poor respiratory health. Id. Plaintiff alleges that because he was not given proper treatment for sleep apnea, death is more likely to occur sooner than if treatment from a pulmonary specialist were provided. Id. Plaintiff filed a claim for damage, injury, or death to the USVA stating as the basis for his claim:

> The US Department of Veterans Affairs did not allow me to be seen by a pulmonary specialist, even though it was documented by the VA and DoD that I have exposure to burn pits in Afghanistan that causes respiratory issues. The VA never responded to my doctor's referral, though I tried to contact them several times. Now I have cardiovascular disease, which could have been prevented if I was diagnosed by a pulmonary specialist earlier.

ECF No. 23 at 15.  This claim was submitted August 22, 2018.  Id.

   B.  The Claims

  Plaintiff asserts one count of medical negligence for the treatment of his PTSD, seeking $1,037,193.64 in damages resulting from lost wages from jobs plaintiff was forced to voluntarily quit due to his mental illness, as well as the future treatment of his PTSD.

  Plaintiff asserts a second count of medical negligence for the denial of medical treatment for his sleep apnea, seeking $3,951,297.90 in damages.

## II. MOTION TO DISMISS

  Defendant seeks to dismiss the claims against it with prejudice for lack of subject matter jurisdiction pursuant to the Veterans' Judicial Review Act, 38 U.S.C. § 511(a).

   A.  Dismissal Standards

  Defendant moves to dismiss based upon Rule 12(b)(1), which allows for dismissal for lack of federal subject-matter jurisdiction.  To invoke a federal court's subject-matter jurisdiction, a plaintiff needs to provide only "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).  The plaintiff must allege facts, not mere legal conclusions, in compliance with the pleading standards established by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  See Harris v. Rand, 682 F.3d 846, 850-51 (9th Cir. 2012).  Assuming compliance with those standards, the plaintiff's factual allegations will ordinarily be accepted as true unless challenged by the defendant.  See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1363, at 107 (3d ed.2004).

  Under Rule 12(b)(1), a "facial" attack accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.  Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013).  In this case, defendant has mounted a "facial" attack,

because it bases the attack on the face of the complaint. Specifically, defendant argues that the Veterans' Judicial Review Act prevents this court from exercising jurisdiction over plaintiff's claims. ECF No. 16-1 at 3.

B. The Veterans' Judicial Review Act

The Veterans' Judicial Review Act ("VJRA"), 38 U.S.C. §§ 511, 7251 et seq., establishes the exclusive procedure for veterans to challenge decisions of the VA relating to benefits. The VJRA established an Article I court, the U.S. Court of Appeals for Veterans Claims, commonly known as Veterans Court, which has sole authority to review decisions by the VA regional offices and the Board of Veteran's Appeals. Veterans for Common Sense v. Shinseki, 678 F.3d 1013, 1021 (9th Cir. 2012) (en banc) (citing 38 U.S.C. §§ 7251, 7261). Decisions of the Veterans' Court are reviewable exclusively in the U.S. Court of Appeals for the Federal Circuit. Id. (citing 38 U.S.C. § 1792). The Act expressly divests all "other courts" of jurisdiction to review benefits issues. 38 U.S.C. § 511(a). Accordingly, the district courts lack jurisdiction over any claim that would require the court "to determine whether the VA acted properly in handling a veteran's request for benefits." Veterans for Common Sense, 678 F.3d at 1025.

In Tunac v. United States, 897 F.3d 1197, 1200-03 (9th Cir. 2018), the Ninth Circuit addressed the relationship between the VJRA and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), which gives the district courts exclusive jurisdiction over personal injury claims against federal employees. The Tunac court drew a distinction between those claims alleging negligence by individual healthcare employees of the VA, which are cognizable under the FTCA and not barred by the VJRA, and those alleging "administrative negligence" in the denial or administration of benefits. Tunac, 897 F.3d at 1205. In Tunac, a late veteran's spouse was allowed to proceed under the FTCA on a claim that inadequate treatment by VA healthcare employees constituted medical negligence that caused her husband's death. Id. A related claim, that the veteran's death was caused by the VA's failure to schedule medically necessary appointments and follow-up treatment, was held barred by the VJRA. As to the latter claim, the court reasoned that plaintiff's "allegations do not give rise to a reasonable inference that VA medical professionals breached their duty of care, but rather seek relief for the type of

4

administrative negligence in scheduling appointments that must be channeled through the VJRA." Id. at 1205-1206.

In short, district courts have jurisdiction under the FTCA over claims alleging "negligence by VA healthcare employees," but claims regarding "negligence in VA operations. . . must proceed under the congressionally-mandated pathway set forth in the [VJRA]." Id. at 1200.

### C. Analysis

As in Tunac, the allegations here include both those that support a claim under the FTCA and those over which the court cannot exercise jurisdiction pursuant to the VJRA.

#### 1. PTSD and Mental Health Treatment

Liberally construing the complaint, plaintiff's first claim alleges medical negligence by Dr. Amy Fuglei, a VA physician, in the treatment of plaintiff's PTSD and related mental health issues. ECF No. 6 at 2. "[W]hen a plaintiff brings an action against a VA health care employee (meaning the professionals and related support staff listed in 38 U.S.C. § 7316(a)(2)) alleging injury from a negligent medical decision, the action may proceed under the FTCA and is not barred by the VJRA." Tunac, 897 F.3d at 1205. A physician is an enumerated medical professional. 38 U.S.C. § 7316(a)(2). The FTCA therefore provides the exclusive means for resolving the claim, and this court has jurisdiction to consider it. See Tunac, 897 F.3d at 1205.

The VJRA thus does not bar a medical negligence claim based on Dr. Fuglei's treatment of plaintiff's PTSD and related mental health issues.[1] Defendant is correct, however, that the VJRA precludes plaintiff from proceeding on any theory of liability related to the VA's alleged attempt "to minimize the amount of compensation paid to Plaintiff." See ECF No. 6, ¶ 7. Such a theory would require the court "to determine whether the VA acted properly in handling a veteran's request for benefits," Veterans for Common Sense, 678 F.3d at 1025, an inquiry which
////

---

[1] The proper defendant under the FTCA is the United States of America, not the Department of Veteran's Affairs or Dr. Fuglei. See Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) (per curiam). If the district judge adopts the recommendation that plaintiff be permitted to proceed on this medical negligence claim under the FTCA, the docket should be corrected accordingly.

this court may not undertake. The FTCA claim as the court construes it here is limited to the medical negligence of plaintiff's treatment provider.

Defendant is also correct that some of the relief plaintiff seeks on his mental health claim is barred by the VJRA because it relates directly to veteran's benefits. See ECF No. 6 at 3, ¶ 10 (Prayer for Relief, seeking adjustment to compensation provided for PTSD). Although this defect does not require dismissal of the claim, plaintiff is informed that he will not be able to obtain relief in this action in the form of adjusted or additional veteran's benefits.

### 2. Sleep Apnea and Respiratory Issues

The second alleged instance of medical negligence does not challenge plaintiff's treatment by any health care employee of the VA. Rather, plaintiff alleges first that he was wrongfully denied compensation for sleep apnea caused by service-related lung damage. ECF No. 6 at 3, ¶ 8. The VJRA deprives this court of jurisdiction over any claim based on denial of benefits. As to his medical care, plaintiff alleges that he sought referral to a pulmonologist but has not been seen by or scheduled to see such a specialist. Id. The administrative claim that plaintiff filed regarding this matter indicates that he received a physician referral for a pulmonologist, but that the VA never followed up or responded to his inquiries regarding the status of the referral. ECF No. 18 at 6.

Plaintiff does not allege that the doctor who referred him to a pulmonologist, or any other VA healthcare employee, was negligent in the provision of medical care related to his sleep apnea or lung damage. He challenges the VA's institutional failure to act on a referral, and to provide and/or timely schedule necessary care. This is precisely the kind of the claim that the Tunac court described as "administrative negligence" and which therefore falls within the scope of the VJRA. See Tunac, 897 F.3d 1203. ("[W]e lack jurisdiction to review whether the VA unreasonably delayed medical care for an individual veteran as a scheduling matter, because such a claim requires review of a benefits decision." ).[2]

---

[2] In Tunac, the VA allegedly failed to schedule potentially life-saving dialysis and the plaintiff died as a result. If the district court did not have jurisdiction to entertain that claim, this court does not have jurisdiction to entertain Mr. Manning's claim.

6

The undersigned concludes that plaintiff's allegations regarding treatment of his sleep apnea and respiratory issues, however liberally construed, "do not give rise to a reasonable inference that VA medical professionals breached their duty of care, but rather seek relief for the type of administrative negligence in scheduling appointments that must be channeled through the VJRA." Id. at 1205-1206. Accordingly, this putative claim is barred by the VJRA.

Plaintiff is informed that this "bar" does not mean that he is precluded from seeking relief anywhere, but only that he cannot seek it in this court. For all matters related to veteran's benefits, compensation, and the scheduling of care, he may seek relief from the Board of Veterans' Appeals, subject to review first in the U.S. Court of Appeals for Veterans Claims and then in the U.S. Court of Appeals for the Federal Circuit.

### III. MISCELLANEOUS SCHEDULING MATTERS

Plaintiff has filed two motions for summary judgment. ECF No. 19 and 21. Because this motion to dismiss is pending, those motions are premature. If the district judge adopts these findings and recommendations, the scope of this case will be narrowed and much of the motions will be moot. Accordingly, the motions will be vacated without prejudice. Plaintiff is free to file pretrial motions after the district judge has issued a final ruling on the instant motion to dismiss. Future motions should be limited to those claims which the district judge permits to proceed.

### IV. CONCLUSION

It is hereby ORDERED that plaintiff's motions for summary judgment, ECF No. 19 and 21, are VACATED as premature.

It is hereby RECOMMENDED that defendant's motion to dismiss, ECF No. 16, be GRANTED IN PART AND DENIED IN PART as follows:

1. DENIED as to plaintiff's claim of medical negligence by Dr. Amy Fuglei, as that claim is construed above;
2. GRANTED as to plaintiff's claim that defendant failed to provide adequate treatment related to sleep apnea and related respiratory issues;
3. The Clerk of Court be directed to substitute the United States of America as the sole defendant in this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, parties may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: September 19, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE