UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTHONY L. MANNING, | No. 2:19-cv-00494 TLN AC PS |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se and in forma pauperis. The case was referred to the undersigned by E.D. Cal. 302(c)(21). The court is in receipt of plaintiff's motion for summary judgment. ECF No. 41. This motion is not properly briefed and will therefore be STRICKEN without prejudice.

In light of plaintiff's pro se status and in the interest of judicial economy, the court will describe for plaintiff's benefit the summary judgment process. By filing a motion for summary judgment, plaintiff is saying that there is no need for a trial in this case. Motions for summary judgment are usually brought after discovery is complete, because a decision whether there should be a trial requires that all evidence on both sides be disclosed. Discovery does not close in this case until June 30, 2020. ECF No. 49.

////

1

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). Under summary judgment practice, it is the job of the party asking for summary judgment to tell the court "the basis for its motion and identifying evidence that demonstrates the absence of a genuine issue of material fact." Davis v. United States, 854 F.3d 594, 598 (9th Cir. 2017) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The motion itself should explain the facts, what law applies to those facts, and why the facts entitle the plaintiff to relief.

In this case, plaintiff is proceeding on a single claim that Dr. Amy Fuglei, a VA physician, committed medical negligence in the treatment of plaintiff's mental health conditions. See ECF No. 29. Medical negligence is a type of professional negligence, defined as "a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury." Cal. Civ. Code § 340.5(2). The medical provider must be licensed to provide the services at issue and the services must not be "within any restriction imposed by the licensing agency or licensed hospital." Id. "The elements of a cause of action in tort for professional negligence are: (1) the duty of the professional to use such skill, prudence and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Burgess v. Superior Court, 2 Cal. 4th 1064, 1077 (Cal. 1992) (citation and internal quotation marks omitted). To assess whether a medical professional has potentially committed professional negligence, the court looks at whether the professional deviated from the requisite duty of care. "[T]he standard for professionals is articulated in terms of exercising the knowledge, skill and

care ordinarily possessed and employed by members of the profession in good standing." Flowers v. Torrance Mem'l Hosp. Med. Ctr., 8 Cal. 4th 992, 998 (Cal. 1994) (citation and internal quotation marks omitted).

Accordingly, plaintiff will be entitled to summary judgment only if he can demonstrate that no disputes exist as to the facts that (1) Dr. Fuglei had a duty to plaintiff, (2) she breached that duty, (3) her breach caused harm to plaintiff, and (4) the harm resulted in an actual loss or damage to plaintiff. In order to meet his burden as the party seeking summary judgment, plaintiff must identify the specific facts that establish each element of his medical negligence claim against Dr. Fuglei.

Local Rule 260 requires that all motions for summary judgment attach a "Statement of Undisputed Facts" that lists each specific material fact relied upon in the motion and that cites to particular pieces of evidence used to support those facts. LR 260(a). Plaintiff's statement of facts does not meet the requirements of this Rule because it does not list facts, but is instead an index of sorts to the attached exhibits. ECF Nos. 41 and 41-1. Moreover, plaintiff's motion does not explain how the exhibits establish the elements of his claim. This format makes it impossible for defendant to respond to the motion by showing that there is conflicting evidence or evidence supporting different facts.

For these reasons, plaintiff's motion at ECF No. 41 is STRICKEN without prejudice to plaintiff filing a new summary judgment motion in the future, according to the principles explained above. Plaintiff is reminded that the deadline for filing dispositive motions, which includes motions for summary judgment, is December 31, 2020. See ECF No. 49.

IT IS SO ORDERED.

DATED: February 19, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3